THEODORE MONKE, Appellant, v. IOWA SCHOOL DISTRICT NO. 3, OF HETTINGER COUNTY, NORTH DAOKTA, a Public Corporation, Respondent.

(215 N. W. 284.)

**Schools and school districts — transportation of pupils to and from school — no compensation for days pupil did not attend school.**

Under § 1342 of the Compiled Laws of 1913, as amended by chapter 206,

Session Laws of 1917, which provides for transportation of pupils, a school board is not under obligation to a parent to pay compensation for the attendance of a pupil upon days ·when such pupil was not transported to school.

Opinion filed August 16, 1927.   Rehearing denied October 13, 1927.

Schools and School Districts, 35 Cyc. p. 970 n. 72 New.

Appeal from the District Court of Hettinger County, *Lembke,* J. Affirmed.

*Harvey J. Miller,* for appellant.

*Jacobsen & Murray,* for respondent.

PER CURIAM.  This action is brought by the parent of a school child to recover transportation under the Compulsory Attendance Statute as it was amended in 1917.  Sess. Laws 1917, chap. 206.  In the trial court the plaintiff had judgment for an amount calculated upon the basis of the number of days the child was actually transported by the parent in the school years 1923–1924, 1924–1925, 1925–1926 at the rate of 35 cents per day, as fixed by the school board.  From this judgment the plaintiff has appealed and assigns as error the refusal of the trial court to enter judgment based upon the number of days the child attended school, rather than the number of days the plaintiff furnished transportation.  The judgment is clearly right.  The statute contains no language indicative of a legislative purpose to compensate a parent for allowing his child to walk to school.  The only obligation of a school board is to furnish transportation or, if such be not furnished, *"to pay for transportation,"* or, if acceptable to the family, furnish the equivalent in lodging.  The statute cannot, in our opinion, reasonably be construed to offer a reward for attendance, nor to pay compensation for the effort expended by a child in walking to school.

The judgment is affirmed.

BIRDZELL, Ch. J., and NUESSLE, CHRISTIANSON, BURKE, and BURR, JJ., concur.